# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD LOCKHART and PATRICIA LOCKHART,<br><br>        Plaintiffs,<br><br>    v.<br><br>TRAVELERS COMMERCIAL INSURANCE COMPANY,<br><br>        Defendant.<br>_____/ | Case No. 1:21-cv-00268-DAD-SKO<br><br>**FINDINGS AND RECOMMENDATION THAT THE MOTION TO WITHDRAW BE GRANTED**<br><br>**ORDER DENYING PLAINTIFF DONALD LOCKHART'S MOTION FOR EX PARTE EMERGENCY RELIEF**<br><br>(Docs. 13 & 18)<br><br>**OBJECTIONS DUE: 14 DAYS** |

On March 30, 2021, Robert M. Moss, Esq. ("Attorney Moss"), attorney for Plaintiffs Donald Lockhart and Patricia Lockhart ("Plaintiffs"), filed his "Motion to With Draw [sic] as Counsel for Plaintiffs" (the "Motion to Withdraw"). (Doc. 13.) On March 31, 2021, the Motion to Withdraw was referred to the undersigned for the preparation of findings and recommendations. (Doc. 15.) By minute order entered that same day, the Court directed Plaintiffs and Defendant Travelers Commercial Insurance Company ("Defendant") to file their responses to the Motion by April 14, 2021. (Doc. 16.)

Defendant timely filed a statement of non-opposition. (Doc. 19.) On April 14, 2021, Plaintiff Donald Lockhart ("Mr. Lockhart") filed a "Motion for Emergency Ex Parte Hearing re Attorney Withdrawal" (the "Motion for Emergency Ex Parte Hearing"), in which he asserts that "[t]here are some circumstances surrounding the termination-resignation of Attorney Robert Moss

that need to be heard."[1] (Doc. 18.) The undersigned has reviewed the papers and finds the matter suitable for decision without oral argument. The matter is therefore submitted on the papers.

Upon consideration of the Motion to Withdraw and supporting papers, and for the reasons set forth below, the undersigned recommends that the Motion to Withdraw be granted and orders that the Motion for Emergency Ex Parte Hearing be denied.

**I.   DISCUSSION**

**A.   Motion to Withdraw**

Attorney Moss has been the attorney of record for Plaintiffs since the start of the litigation on November 17, 2020. (*See* Doc. 1 at 11[2]; Doc. 13.) He moves to withdraw as counsel for Plaintiffs because "Plaintiff Donald Lockhart has expressly terminated [Attorney Moss] as his attorney, in writing. Plaintiff Donald Lockhart's communication to [Attorney Moss] was purportedly not only on his behalf but on behalf of his wife, Plaintiff Patricia Lockhart, as well." (Doc. 13 at 2.) Attorney Moss states that "[i]rreconcilable differences have emerged between [him] and Plaintiffs which prevent [him] from further representing Plaintiffs such that withdrawal is necessary and mandatory per California Rules of Professional Conduct." (*Id.*)

Withdrawal of attorney is governed by Local Rule 182 of the Local Rules of the United States District Court for the Eastern District of California ("Local Rules") and the Rules of Professional Conduct of the State Bar of California ("Rules of Professional Conduct"). *See* E.D. Cal. L.R. 182(d). Local Rule 182(d) provides as follows:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

*Id.* Rule of Professional Conduct 1.16(a)(4) provides that an attorney shall withdraw from the

---

[1] Any apparent dissatisfaction of Mr. Lockhart with Attorney Moss is not before the Court, although the Court notes that a lack of opposition to the Motion to Withdraw may indicate such dissatisfaction.
[2] This citation is to ECF pagination.

representation of a client if the client discharges the lawyer.

As an initial matter, Attorney Moss has complied with Local Rule 182. He filed proofs of service demonstrating that he mailed a copy of the motion and the Court's minute order setting forth the briefing schedule to Plaintiffs at their last known addresses. (Docs. 13, 17.) Next, the Motion to Withdraw states that Plaintiffs have expressly terminated Attorney Moss as their counsel. (Doc. 13 at 2.) Therefore, withdrawal is mandatory under Rule of Professional Conduct 1.16(a)(4).

Accordingly, the undersigned recommends that the Motion to Withdraw be granted.

### B. Motion for Ex Parte Emergency Relief

In addition to stating that the circumstances surrounding Attorney Moss's "termination-resignation" "need to be heard," Mr. Lockhart's Motion for Emergency Ex Parte Hearing raises three other reasons why ex parte relief is necessary: Plaintiff Patricia Lockhart has requested to be "withdrawn from the case because she has no interest in it"; Defendant is "pursuing dismissal with points that remain categorically denied and even false"; and Mr. Lockhart's request for alternative dispute resolution ("ADR") "has been ignored" by Attorney Moss and Defendant. (Doc. 18 at 2.) "Ex parte applications are a form of emergency relief that will only be granted upon an adequate showing of good cause or irreparable injury to the party seeking relief." *Moore v. Chase, Inc.*, No. 1:14–CV–01178–SKO, 2015 WL 4393031, at *4 (E.D. Cal. July 17, 2015) (quoting *Clark v. Time Warner Cable*, No. CV–07–1797–VBF(RCx), 2007 WL 1334965, at *1 (C.D. Cal. May 3, 2007)).

Here, Mr. Lockhart has not met the standard for ex parte emergency relief based on his asserted reasons. First, as noted above, any dissatisfaction Mr. Lockhart may have with Attorney Moss is currently not before the Court. Second, Plaintiff Patricia Lockhart may voluntarily dismiss her claims under Federal Rule of Civil Procedure 41(a)(1)(A)(i) without an order of Court because Defendant has not served either an answer or a motion for summary judgment. *See* Fed. R. Civ. P. 41(a)(1)(A)(i). Third, Mr. Lockhart will have an opportunity to defend against any request for dismissal by Defendant, should one be filed, in due course. Lastly, to the extent the parties wish to proceed with ADR under the Local Rules, that procedure is set forth in Local Rule 271 and requires stipulation reflecting the agreement of all parties. *See* E.D. Cal. L.R. 271(c)(3). Alternatively, Mr. Lockhart is advised that, once the pleadings are settled, the Court intends to set a settlement

conference, as settlement conferences are mandatory in cases in which District Judge Dale A. Drozd is assigned as the presiding judge.  Accordingly, Mr. Lockhart has failed to demonstrate any emergency or any likelihood of irreparable injury, and the Motion for Emergency Ex Parte Hearing will be denied.

## II.   CONCLUSION

Based on the foregoing, the undersigned RECOMMENDS that the Motion to Withdraw (Doc. 13) be GRANTED.

These findings and recommendation are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **fourteen (14) days** of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Further, it is hereby ORDERED that Mr. Lockhart's Motion for Emergency Ex Parte Hearing (Doc. 18) is DENIED.

IT IS SO ORDERED.

Dated:   **April 20, 2021**                             /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE

4