1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DONALD LOCKHART and PATRICIA          No.  1:21-cv-00268-DAD-SKO
     LOCKHART,
12
                 Plaintiffs,
13                                         ORDER GRANTING DEFENDANT'S
         v.                                MOTION TO DISMISS AND GRANTING
14                                         NONPARTY'S MOTION TO INTERVENE
     TRAVELERS COMMERCIAL
15   INSURANCE COMPANY,                    (Doc. Nos. 33, 47)

16               Defendant.

17

18          This matter is before the court on the motion to dismiss filed on behalf of defendant

19   Travelers Commercial Insurance Company ("Travelers") and the motion to intervene filed by

20   nonparty American Security Insurance Company ("American Security").  (Doc. Nos. 33, 47.)

21   Pursuant to General Order No. 617 addressing the public health emergency posed by the COVID-

22   19 pandemic, both motions were taken under submission on the papers.  (Doc. Nos. 35, 49.)  For

23   the reasons explained below, the court will grant American Security's motion to intervene and

24   defendant Travelers' motion to dismiss.[1]

25   ─────────────────────
     [1] The undersigned apologizes for the excessive delay in the issuance of this order.  This court's
26   overwhelming caseload has been well publicized and the long-standing lack of judicial resources
     in this district long-ago reached crisis proportion.  That situation has now been partially addressed
27   by the U.S. Senate's confirmation of a new district judge for this court on December 17, 2021.
     Nonetheless, for over twenty-two months the undersigned was left presiding over approximately
28   1,300 civil cases and criminal matters involving 735 defendants.  Unfortunately, that situation

                                      1

**BACKGROUND**

This case concerns an insurance policy on a structure that burned down. Plaintiffs claim the policy entitles them to relief for their loss. Defendant disagrees. Nonparty intervenor—the subrogee of the mortgagee with regard to the subject property—seeks to intervene.

On November 17, 2020, plaintiffs filed this action in the Fresno County Superior Court. (Doc. No. 1 at 5.) On February 25, 2021, defendant removed the action to this federal court pursuant to 28 U.S.C. §§ 1332, 1441 on the grounds that diversity jurisdiction exists. (*Id.* at 2.)

Through this insurance coverage lawsuit, plaintiffs Donald and Patricia Lockhart[2] seek to recover benefits from defendant Travelers in connection with a fire loss that occurred on November 18, 2019. (Doc. No. 1.) The destroyed property was located at 745 S. Chestnut Avenue, Fresno, CA 93721. (*Id.* at ¶ 8.) Plaintiffs insured the subject property through a policy issued by defendant Travelers, and they made a claim for benefits under the policy in connection with the damage caused by the fire. (*Id.* at ¶¶ 7–8.) Plaintiffs claim that defendant unfairly declined to cover their loss based on defendant's conclusion that plaintiffs lacked an insurable interest in the property and that plaintiffs were no longer using the property as their "residence premises." (*Id.* at ¶ 8.) Plaintiffs allege that they were eligible for the policy benefit and that they have met all terms and conditions to be performed by them in order to receive that benefit. (*Id.* at ¶ 9.) Based on the foregoing allegations, plaintiffs bring four causes of action against defendant. Specifically, plaintiffs assert the following claims: (1) breach of contract; (2) tortious bad faith breach of the covenant of good faith and fair dealing; (3) insurance bad faith in violation of California Insurance Code § 790.03; and (4) declaratory relief. (*Id.* at 6–9.)

On June 18, 2021, defendant filed a motion to dismiss two of plaintiffs' claims. (Doc. No. 33.) Specifically, defendant seeks to dismiss plaintiffs' claim brought pursuant to § 790.03 and their declaratory relief claim. (*Id.*) On July 16, 2021, plaintiffs filed an amended response to

---

sometimes results in the court not being able to issue orders in submitted civil matters within an acceptable period of time. This has been frustrating to the court, which fully realizes how incredibly frustrating it is to the parties and their counsel.

[2] Plaintiff Patricia Lockhart voluntarily dismissed her claims against defendant on January 28, 2022, and she has accordingly been terminated from this action. (Doc. No. 52 at 2.)

2

defendant's motion to dismiss.  (Doc. No. 43.)  On August 10, 2021, defendant filed its reply.  (Doc. No. 44.)  Additionally, on October 29, 2021, American Security filed a motion to intervene in this action.  (Doc. No. 47.)  On November 23, 2021, defendant filed a statement of non-opposition to American Security's motion.  (Doc. No. 50.)

## LEGAL STANDARD

### A.      Rule 12(b)(6) Motion to Dismiss

The purpose of a motion to dismiss brought pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint.  *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Though Rule 8(a) does not require detailed factual allegations, a plaintiff is required to allege "enough facts to state a claim for relief that is plausible on its face.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).  It is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged."  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

### B.      Motion to Intervene

An individual or corporation may "become a 'party' to a lawsuit by intervening in the action."  *U.S. ex rel. Eisenstein v. City of New York, N.Y.*, 556 U.S. 928, 933 (2009).  Intervention in federal court, either as of right or permissive, is governed by Federal Rule of Civil Procedure 24.  *Nat'l Ass'n for Advancement of Colored People v. N.Y.*, 413 U.S. 345, 365 (1973).  Rule 24

1    provides in relevant part as follows:

2        (a) Intervention of Right.  On Timely motion, the court must permit anyone to intervene

3            who:

4            (1) is given an unconditional right to intervene by a federal statute; or

5            (2) claims an interest relating to the property or transaction that is the subject of the

6                action, and is so situated that disposing of the action may as a practical matter

7                impair or impede the movant's ability to protect its interest, unless existing parties

8                adequately represent that interest.

9        (b) Permissive Intervention.

10           (1) In General.  On timely motion, the court may permit anyone to intervene who:

11               (A) is given a conditional right to intervene by a federal statute; or

12               (B) has a claim or defense that shares with the main action a common question of

13                   law or fact.

14       Here, although the prospective intervenor alternatively seeks permissive intervention

15   under Rule 24(b), the resolution of the motion to intervene before the court is dependent on

16   whether the prospective intervenor has satisfied the requirements to intervene as of right under

17   Rule 24(a)(2).  In this regard, it is well-established that intervention as of right under Rule

18   24(a)(2) is construed "liberally in favor of potential intervenors."  *Cal. ex. rel. Lockyer v. United*

19   *States*, 450 F.3d 436, 440 (9th Cir. 2006) (citation omitted); *see also United States v. Alisal Water*

20   *Corp.*, 370 F.3d 915, 919 (9th Cir. 2004).

21       Rule 24(a)(2) requires a prospective intervenor to establish the following elements:

22               (1) the intervention application is timely; (2) the applicant has a
                 significant protectable interest relating to the property or
23               transaction that is the subject of the action; (3) the disposition of
                 the action may, as a practical matter, impair or impede the
24               applicant's ability to protect its interest; and (4) the existing
                 parties may not adequately represent the applicant's interest.
25

26   *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011)

27   (internal quotation marks and citation omitted); *see also Smith v. Los Angeles Unified Sch. Dist.*,

28   830 F.3d 843, 853 (9th Cir. 2016).  In evaluating these elements, the court is "guided primarily by

4

1   practical considerations, not technical distinctions," and no "specific legal or equitable interest

2   need be established." *Id.*  Moreover, the court must "take all well-pleaded, nonconclusory

3   allegations in the motion to intervene, the proposed complaint or answer in intervention, and

4   declarations supporting the motion as true absent sham, frivolity or other objections." *Sw. Ctr.*

5   *for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001).

6                                    **ANALYSIS**

7   **A.      Motion to Dismiss**

8            As noted, defendant Travelers moves to dismiss two of plaintiffs' claims.  (*See* Doc. No.

9   33 at 2.)  Specifically, defendant seeks to dismiss plaintiffs' claim for bad faith in violation of

10   California Insurance Code § 790.03 and their claim for declaratory relief.  The court will address

11   each claim in turn below.

12            1.      Bad Faith in Violation of California Insurance Code § 790.03

13            Plaintiffs' third cause of action alleges a violation of California Insurance Code § 790.03

14   (the Unfair Insurance Practices Act or the "UIPA").  (Doc. No. 1 at 8.)  In its motion to dismiss,

15   defendant argues that this cause of action should be dismissed because "there is no private right

16   of action for violations of the UIPA."  (Doc. No. 33 at 6.)

17   The court finds defendant's argument persuasive with regard to plaintiffs' UIPA claim.  Under

18   California Insurance Code § 790.035, "any person who engages in . . . any unfair or deceptive act

19   or practice defined in Section 790.03 is liable to the state for a civil penalty to be fixed by the

20   commissioner."  Cal. Ins. Code § 790.035.  "Section 790.03 was not intended to create a private

21   civil cause of action against an insurer." *Metro Services Grp. v. Travelers Cas. and Sur. Co. of*

22   *America*, No. 4:21-cv-02178-YGR, 2021 WL 2633416, at *3 (N.D. Cal. June 25, 2021) (citing

23   *Moradi-Shalal v. Fireman's Fund Ins. Cos.*, 46 Cal. 3d 287, 304 (1988)); *see also Ward v.*

24   *Certain Underwriters at Lloyd's of London*, No. 18-cv-07551-WHA, 2019 WL 4738244, at *6

25   (N.D. Cal. Sep. 27, 2019) (noting that there is no private right of action for violation of § 790.03).

26   Accordingly, defendant's motion to dismiss will be granted as to plaintiffs' insurance bad faith

27   claim brought pursuant to Insurance Code § 790.03.  Because this cause of action is barred as a

28   /////

1    matter of law, the granting of leave to amend would be futile and the dismissal of this cause of

2    action will therefore be with prejudice.

3           2.   Declaratory Relief

4           Plaintiffs' fourth cause of action is for declaratory relief.  (Doc. No. 1 at 9.)  Specifically,

5    plaintiffs' assert that they "desire a judicial determination of their respective rights and all

6    Defendants' duties in connection with the matters herein alleged, and a judgment in Plaintiffs'

7    favor as to any obligations by Defendants, and each of them, to Plaintiffs."  (*Id.*)

8           Under 28 U.S.C. § 2201, the court may declare the rights and other legal relations of any

9    interested party seeking such declaration.  Declaratory relief "is designed to resolve uncertainties

10   or disputes that may result in future litigation."  *StreamCast Networks, Inc. v. IBIS LLC*, No. 02-

11   cv-4239-MMM, 2006 WL 5720345, at *3 (C.D. Cal. May 2, 2006).  The decision to grant

12   declaratory relief is discretionary.  *United States v. State of Washington*, 759 F.2d 1353, 1356 (9th

13   Cir. 1985) (*en banc*).  Declaratory relief operates prospectively, is not intended to redress past

14   wrongs and "should be denied when it will neither serve a useful purpose in clarifying and

15   settling the legal relations in issue nor terminate the proceedings and afford relief from the

16   uncertainty and controversy faced by the parties."  *Id.* at 1356–57.  For example, where a

17   determination of a breach of contract claim will resolve any question regarding interpretation of a

18   contract, there is no need for declaratory relief.  *See StreamCast Networks, Inc.*, 2006 WL

19   572034, at *3 (collecting cases); *see also Valley Community Bank v. Progressive Cas. Ins. Co.*,

20   854 F. Supp. 2d 697, 712 (N.D. Cal. 2012) ("[W]here the 'complaint seeking declaratory and

21   incidental monetary relief shows that declaratory relief is not necessary or proper at the time

22   under all the circumstances, the complaint is in truth merely one for the consequential relief of

23   damages.'") (quoting *Cardellini v. Casey*, 181 Cal. App. 3d 389, 396 (1986)).  "The purpose of a

24   judicial declaration of rights . . . is to enable parties to shape their conduct so as to avoid a breach

25   . . . .  [I]n short, the remedy is to be used in the interests of preventative justice, to declare rights

26   rather than execute them . . . ."  *Babb v. Superior Court*, 3 Cal.3d 841, 848 (1971) (internal

27   quotations omitted).

28   /////

1     In its motion to dismiss pending before the court, defendant argues that because plaintiffs

2  seek redress for past harms and not prospective harms, the court should dismiss plaintiffs' claim

3  for declaratory relief.  (Doc. No. 33 at 7.)  Specifically, defendant contends that "if the 'rights of

4  the complaining party have crystallized into a cause of action for past wrongs,' a demurrer to a

5  cause of action for declaratory relief will be upheld."  (*Id.* at 8) (quoting *Cardellini*, 181 Cal. App.

6  3d at 397–98).  According to defendant, plaintiffs' cause of action for declaratory relief seeks a

7  review of past conduct, "namely, the allegedly improper withholding of rights under the subject

8  insurance policy issued to Plaintiffs by Travelers."  (*Id.*)  Additionally, defendant argues that

9  plaintiffs can obtain adequate relief as to their other causes of action and "[t]he availability and

10  request for another form of relief by Plaintiffs will usually justify the refusal to grant declaratory

11  relief."  (*Id.*) (citing *General of America Ins. Co. v. Lilly*, 258 Cal. App. 2d 465, 471 (1968)).

12  Defendant points out that plaintiffs' declaratory relief claim "addresses the same issues already

13  stated in Plaintiffs' cause of action for breach of contract" because plaintiffs are seeking the

14  benefits of the subject insurance policy.  (*Id.*)

15     The court agrees that here, plaintiffs' declaratory relief claim is entirely duplicative of

16  their breach of contract claim.  Plaintiffs' breach of contract claim seeks a ruling from the court

17  that plaintiffs were eligible for the policy benefit and thus entitled to monetary damages.  (Doc.

18  No. 1 at 7–8.)  Plaintiffs' declaratory relief claim seeks a declaration from the court finding that

19  plaintiffs "are entitled to the benefits of the subject insurance policy pursuant to the terms,

20  conditions, and covenants of said policy without limitation."  (*Id.* at 9.)  Accordingly, plaintiffs'

21  declaratory judgment claim is wholly unnecessary because one of the elements of their breach of

22  contract claim is a finding that plaintiffs have coverage for their loss under the policy.  *See*

23  *Monroe v. Geico General Ins. Co.*, No. 5:14-cv-05174-EJD, 2018 WL 500260, at *9 (N.D. Cal.

24  Jan. 19, 2018) (finding that "where a determination of a breach of contract claim will resolve any

25  question regarding interpretation of the contract, there is no need for declaratory relief").

26  Moreover, "any wrong that has taken place occurred in the past, when [d]efendant declined

27  coverage to [p]laintiff."  *Valley Community Bank*, 854 F. Supp. 2d at 712.  Therefore, as in the

28  *Valley Community Bank* decision, plaintiffs "[do] not have an action for declaratory relief, but

7

instead [have] a fully matured cause of action for money, through which [plaintiffs] [are] seeking the remedy of damages." *Id.*

Accordingly, because plaintiffs have not adequately alleged an independent claim for declaratory relief the court will grant defendant's motion to dismiss that claim.  Because the cause of action is subject to dismissal essentially as duplicative and unnecessary, the granting of leave to amend would be futile and the dismissal of this cause of action will therefore be with prejudice.

**B.      Motion to Intervene**

In its pending motion, American Security moves to intervene as of right under Federal Rule of Civil Procedure 24(a)(2).  (Doc. No. 47.)  In the alternative, it seeks to intervene permissively under Rule 24(b)(1)(B).  (*Id.*)

Each of the four elements for intervening as a matter of right "must be demonstrated in order to provide a non-party with a right to intervene."  *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997).  "Failure to satisfy any one of the requirements is fatal to the application, and we need not reach the remaining elements if one of the elements is not satisfied."  *Perry v. Proposition 8 Off. Proponents*, 587 F.3d 947, 950 (9th Cir. 2009).

In its pending motion, American Security contends that it is entitled to intervention as of right because its motion was timely, it has a significantly protectable interest relating to this case, a disposition of this action may impair or impede its ability to protect said interest, and its interest will not be adequately represented by plaintiffs.  (Doc. No. 47 at 5.)  In other words, American Security asserts that it has satisfied all four elements necessary to successfully intervene in this action as of right.

The court has reviewed American Security's motion and finds it to be persuasive.  First, American Security filed its motion before this court took any substantive action and none of the parties would appear to suffer any prejudice from American Security's intervention.  (*Id.* at 9.)  Accordingly, American Security's motion is timely.  Second, American Security argues that it has a significantly protectable interest in this case because "it is subrogated to the rights of the named mortgagee" on the policy and "seeks to recover up to the lender's interest in the subject property as a result of the fire loss."  (*Id.* at 10–11.)  Based upon this uncontradicted representation, the

court concludes that American Security has sufficiently alleged a protectable interest in this matter.  Third, American Security argues that this litigation may impair its rights under the Travelers' policy because defendant challenges "the basis for coverage and seeks to adjudicate the propriety of the Travelers' Policy's cancellation."  (*Id.* at 12.)  Specifically, it appears that defendant Travelers will argue in this case that "(1) the Lockhart's failure to use the subject property as their primary residence precludes coverage for the fire loss and (2) that the Lockharts agreed to cancel the Policy."  (*Id.* at 11–12.)  Thus, it appears clear that Travelers success on either of these arguments may "impair American Security's interest in the Policy, which arises through its insured's mortgage secured by the property and its resulting interest in the Travelers Policy."  (*Id.* at 12.)  Accordingly, the court concludes that American Security has sufficiently alleged that this litigation may impair its ability to protect its interests.  Fourth, and finally, American Security argues that plaintiffs will not adequately protect American Security's interests. (*Id.* at 12.)  For example, American Security contends that it has different interests in the policy than plaintiffs because "a mortgagee has a separate contract with the insurer, and the availability of coverage under that contract remains in place even where the borrower's claim is denied." (*Id.*) (citing *Najah v. Scottsdale Ins. Co.*, 230 Cal. App. 4th 125, 136 (2014)).  Moreover, American Security notes that plaintiffs are no longer represented by counsel in this action and that "American Security's interest may not be adequately represented, even if the Lockharts could plausibly do so."  (*Id.* at 13.)  The court finds these arguments to be persuasive.  The court therefore concludes that American Security has made an adequate showing as to all four elements for intervention as of right.  Notably, neither defendant nor plaintiffs have opposed American Security's motion, and indeed defendant Travelers has filed a statement of non-opposition to the motion.  (Doc. No. 50.)  Having reviewed American Security's arguments and considered the parties' non-opposition, the court will grant American Security's motion to intervene.

## CONCLUSION

1.    Defendant's motion to dismiss (Doc. No. 33) is granted as follows:

      a.    Plaintiffs' third cause of action for insurance bad faith in violation of California Insurance Code § 790.03 is dismissed without leave to amend;

          b.     Plaintiffs' fourth cause of action for declaratory relief is dismissed without leave to amend;

2.     American Security's motion to intervene (Doc. No. 47) is granted; and

3.     American Security is ordered to file its complaint as a separate docket entry within fourteen (14) days of entry of this order.

IT IS SO ORDERED.

Dated:   **February 22, 2022**              _Dale A. Drozd_

                                      UNITED STATES DISTRICT JUDGE